*Compiler/law library*

## IN THE SUPERIOR COURT OF GUAM

TEAL PACIFIC, LLC,                          )
           )
     Plaintiff,  )   **CASE NO. CV0063-08**
           )
   vs.      )   **DECISION AND ORDER**
           )
GUAM MEMORIAL HOSPITAL  )
AUTHORITY,      )
           )
     Defendant.  )
           )
           )
_____)

### INTRODUCTION

This matter came before the Honorable Judge Steven S. Unpingco on the Defendant Guam Memorial Hospital Authority's ("GMHA") Motion for Summary Judgment, filed August 22, 2008. Attorney Aaron R. Jackson appeared on behalf of GMHA and Attorney William L. Gavras appeared on behalf of Plaintiff Teal Pacific, LLC ("Teal Pacific"). Oral arguments were denied pursuant to the Local Rules of the Superior Court of Guam CVR. 7.1(e)(1). *See* Guam R. Civ. P. 77(b), 78. Having considered the parties' briefs and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

The following facts are not disputed. On January 25, 2007 GMHA issued invitation for bids ("IFB") number 008-2007 in order to secure a portable x-ray machine. *See* Decl. Aaron Jackson, Ex. 1 at page 1. The bid specifications described the requested item as a "Portable X-Ray Machine, Imaging at BedSide/er," and directed bidders to, "Please see attached specifications." *See* Id. at 20. The specifications also include a note, reading, "++Reference Products: General Electric (GE) AMX-4 Plus Mobile or Equivalent" *See* Id. The attached specifications contained the following caption,

> Guam Memorial Hospital Authority is hereby soliciting proposals from qualified companies to provide an **AMX-4 plus Mobile** X-ray System along with related supplies. Equipment, supplies and accessories must be FDA, NEC and UL approved and meets [sic]the medical electrical equipment standards.

*See* Id. at 21. According to the terms of the bid, the award would go to the lowest bidder. *See* Id. at 7. GMHA received a bid from Teal Pacific for a General Electric AMX-4 Plus Mobile in the amount of $52,500. *See* Decl. Aaron Jackson, Ex. 3 at page 2-3. GMHA also received a bid from Medpharm for a "Shimadzu MobileArt Portable X-ray", an AMX-4 equivalent, in the amount of $33,641.67. *See* Decl. Aaron Jackson, Ex. 2 at page 2-3. The Medpharm bid for an AMX-4 equivalent was the lowest bidder in IFB 008-2007.

On February 28, 2007, GMHA cancelled IFB 008-2007 in writing because, "the solicitation did not provide for consideration of all factors of significance to the Hospital." *See* Decl. Aaron Jackson, Ex. 4. On March 21, 2007, GMHA issued IFB 016-2007 in order to secure the portable x-ray machine. *See* Decl. Aaron Jackson, Ex. 5 at page 1. The bid specifications described the requested item as a "Portable X-Ray Machine, Imaging at BedSide/er," and directed bidders to, "Please see attached specifications." *See* Id. at 13. The specifications also include a note, reading, "++Reference Products Or Equivalent 1. General Electric (GE) AMX-4 Plus Mobile or Equivalent" *See* Id. The attached specifications contained the following additional caption,

> Guam Memorial Hospital Authority is hereby soliciting proposals from qualified companies to provide a [sic] **AMX-4 plus Mobile X-ray** System along with related supplies. Equipment, supplies and accessories must be FDA, NEC and UL approved and meets [sic] the medical electrical standards.
>
> Requirement of the Bid: Radiographic equipment must be for a [sic] AMX-4 plus Mobile due to the following reason [sic]:
>
> 1. Product and equipment standardization – The Hospital has been utilizing General Electric (GE) Imaging System products for over fifteen (15) years and have [sic] proven to be durable and reliable. The hospital had just recently completed the replacement of our CT, Angio and Rad/Flour equipment with GE their [sic] most current state-of-art imaging systems which assist the Hospital in delivering the best possible care to the crucial and non-crucial patients.

2. Standardizing Hospital equipment is advantageous for the Facility to obtain compatible accessories and replacement parts.

3. Software and replacement Parts are compatible with the existing radiology GE equipment.

4. GMHA's Radiology staff was trained by General Electric application personnel and is familiar with GE Imaging systems.

5. Technical competency and support of 24-hours 7-days a week is available locally for immediate response resulting to [sic] minimal equipment down time and clinical [sic]

See Id. at 14. Five (5) days later, on March 26, 2007, GMHA amended IFB 016-2007 in writing to remove the words "Or Equivalent" from the bid specification references in order to read, "++Reference Products: 1. General Electric (GE) AMX-4 Plus Mobile." See Decl. Aaron Jackson, Ex. 6 at page 1-2.

On March 29, 2007, Teal Pacific lodged a complaint with GMHA to specifically enforce the first IFB (008-2007). See Decl. Aaron Jackson, Ex. 7. After the Public Auditor recused herself from the matter, Teal Pacific filed the complaint before the Court on January 22, 2008. According to the complaint, Teal Pacific alleges that the second bid, "was substantially identical or identical in all material ways with [the first bid] thus revealing that the cancellation of [the first bid] was illegal, arbitrary and capricious and irrational. The reasons Defendant gave for the cancellation were a sham and pretextual." See Pl.'s Compl. At page 2. Teal Pacific alleges that GMHA violated Guam's procurement laws, the regulations of the GMHA, and the requirements of the IFBs and prays the Court specifically enforce the first IFB. See Id. at 3. Other than the complaint, Teal Pacific has not come forward with any evidence to support these claims.

## DISCUSSION

A motion for summary judgment is governed by Guam Rules of Civil Procedure ("GRCP") Rule 56, which provides that "The judgment sought shall be rendered forthwith if...there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." See GRCP Rule 56(c). Summary Judgment must be granted "forthwith," unless the court determines that further time for discovery should be allowed. See

GRCP 56(f). The party who is seeking summary judgment has the burden to show that there are no genuine issues of material fact. *See* Celotex Corp. v. Katrett, 477 U.S. 317, 106 S.Ct. 2548 (1986). Moreover, once the moving party has met this burden, the nonmoving party must come forward and make some affirmative showing with specific acts that evidence exists to support its claims and that there is a genuine issue of material fact for trial. Id. *See also* Matsushita Elec. Indus. Co. V. Zenith Radio Corp., 475 U.S. 574, 587, 106 S.Ct. 1348, 1356 (1986).

"A 'material' fact is one that is relevant to an element of a claim or defense and whose existence might affect the outcome of the suit." *See* T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n.,809 F.2d 626, 630 (9th Cir.1987). If the movant can demonstrate that there are no genuine issues of material fact, the non-movant cannot rely merely on allegations contained in the complaint, but must produce at least some significant probative evidence tending to support the complaint. *See* Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S.Ct. 2505, 2510 (1986).

Where credibility is at issue, summary judgment may not be granted. Only after an evidentiary hearing or full trial can credibility issues be appropriately resolved. *See* S.E.C. v. Koracorp Industries, Inc., 575 F.2d 692, 698 (9th Cir.1978), cert denied, 439 U.S. 953 (1978). Discretion plays no real role in the grant of summary judgment. *See* Id. In addition, the court must view the evidence and draw inferences in the light most favorable to the non-movant. *See* Tzung v. State Farm Fire and Cas. Co., 873 F.2d 1338, 1339 (9th Cir. 1989). The "court's ultimate inquiry is to determine whether the 'specific fact' set forth by the nonmoving party, coupled with undisputed background or contextual facts, are such that a rational or reasonable jury might return a verdict in its favor based on that evidence." *See* T.W. Elec. Serv., 809 F.2d at 631.

In this case, the parties do not dispute the aforementioned background facts, but instead dispute how the law should apply to those facts. The parties specifically dispute whether the first bid was properly cancelled under the law and whether the second bid was properly issued under the law. Because there are no material disputes of fact in this matter, summary judgment remains appropriate. *See* GRCP Rule 56(c).

Under Guam law, GMHA may cancel an invitation for bids after the opening and before the award of the bid, "when the Hospital Administrator determines in writing that such action is in the hospital's best interests [because] the solicitation did not provide for consideration of all factors of significance to the hospital." *See* 26 GAR § 16316(d)(2)(A)(3). This language mirrors the related general statute governing cancellation of invitations for bids in all administrative departments. *See* 2 GAR § 3115(d)(2)(A)(iii).

In this case, it is undisputed that GMHA cancelled the first bid in writing before the award because it determined that the solicitation did not provide for consideration of all factors of significance to the hospital. For this reason, GMHA properly cancelled the first bid. Accordingly, the Court cannot compel GMHA to specifically perform the first bid, as Teal Pacific demands, without a basis in law. Teal Pacific alleges that while GMHA stated the correct reasons to properly cancel the bid, the reasons were "a sham and pretextual" in light of the similarities between the two bids. The Court does not agree. The second IFB is quite distinct from the first IFB as it explicitly lists five new reasons why the new IFB is only for an AMX-4 Plus Mobile by GE. They include: 1) The hospital is familiar with GE products and finds them durable and reliable; 2) The hospital is full of GE equipment and therefore, new GE equipment is more compatible and replaceable with the hospital's inventory; 3) The hospital's current software and replacement parts will be compatible with a GE product; 4) The hospital's staff has been trained to use GE products; and 5) GE product support is available locally on Guam. Although the second IFB contained the words "or equivalent" in the reference section of the specification sheet, the error was promptly corrected in writing in order to conform the reference section to the rest of the bid. These additions to the second IFB clearly reflect new considerations about the importance of obtaining bids solely for GE products that were absent from the first IFB. The fact that the first IFB attracted a lowest bidder of a different brand supports the finding that it was necessary to cancel the IFB in order to consider these additional factors of significance in the new solicitation. Otherwise, the first IFB could have been awarded to a non-GE supplier without considering the GM related factors. For these reasons, the first IFB was correctly cancelled because it did not consider all factors of significance to the hospital

under 26 GAR § 16316(d)(2)(A)(3). Therefore, the original IFB cannot be specifically enforced and Teal Pacific's claim for relief fails.

///

///

///

## CONCLUSION

Based upon the foregoing, GMHA's Motion for Summary Judgment is hereby GRANTED.

SO ORDERED this 26th day of January, 2009.

HONORABLE STEVEN S. UNPINGCO
Judge, Superior Court of Guam

I hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam

JAN 2 6 2009

Peter C. Miyasaki
Deputy Clerk, Superior Court of Guam